IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

                                                    Crim. No. 16-2934 MV

    v.

LORENZO CHAVEZ,
SARA RUIZ, and
JAMES MONTANO, JR.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court are defendant Sara Ruiz's Motion to Compel Discovery [Doc. 47] and Motion to Sever Defendants [Doc. 48]. Subsequent to the filing of these motions, Ms. Ruiz's co-defendants, Lorenzo Chavez and James Montano, Jr., entered guilty pleas in this case. As a result, the Motion to Sever Defendants [Doc. 48] is moot.

Ms. Ruiz, along with the co-defendants, was charged with Count 1: Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); Count 2:Hobbs Act Robbery in violation of 18 U.S.C. §1951(a) and aiding and abetting in violation of 18 U.S.C. § 2; and Count 3: brandishing a firearm in furtherance of Count 1(conspiracy) and Count 2 (interference with interstate commerce in violation on 18 U.S.C. § 924(c) and aiding and abetting in violation of 18 U.S.C. §2.[1]  Trial is set for January 22, 2018.

---

[1] In a Superseding Indictment filed February 7, 2017, Count 3 was amended to omit reference to brandishing a firearm in furtherance of conspiracy. [Doc. 60]. In a Second Superseding Indictment filed June 13, 2017, two additional charges were asserted against Ms. Ruiz: Count 4 alleged that between February 21 and March 6, 2016, Ms. Ruiz attempted to hinder, delay and prevent communication between a law enforcement officer and a United States Judge, in violation of 18 U.S.C. § 1512(b)(3); and Count 5 alleged that on December 4, 2016, Ms. Ruiz

The charges arise from the December 27, 2015, armed robbery of a cashier at the Route 66 Casino. Mr. Chavez is alleged to have committed the robbery and brandished a firearm, Mr. Montano is alleged to have accompanied him into the casino and acted as a lookout, and Ms. Ruiz is alleged to have remained outside as the getaway driver.

Ms. Ruiz has received partial disclosure of evidence in this matter, which includes the following allegation made during the questioning of Ms. Ruiz:

> FBI Agent: "We got done talking to [co-defendant] too. Both him and [other co-defendant] said that you were the one that made the decision to rob the casino."

Ms. Ruiz has requested the actual statements of the co-defendants, but her requests have been denied. In her Motion to Compel, she contends she is entitled to the statements because they may contain *Brady*, *Giglio*, *Agurs* and/or *Bagley* information.[2] The government contends that the defendant is improperly seeking early disclosure of *Jencks* material.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure states:

**Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)    the item is material to preparing the defense;
    (ii)   the government intends to use the item in its case-in-chief at trial; or
    (iii)  the item was obtained from or belongs to the defendant.

However, Rule 16(a)(2) limits the information a criminal defendant is entitled to receive,

---

unlawfully used intimidation and threats and engaged in misleading conduct with the intent to influence, delay and prevent testimony of another person in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1). The pending motion does not address the additional charges, nor has Ms. Ruiz, to date, filed any additional substantive pretrial motions.

[2] Ms. Ruiz also sought discovery related to her telephone. According to the government, that issue has been resolved. [Doc. 55 at 1].

as follows:

> **Information Not Subject to Disclosure.** Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Section 3500—the Jencks Act— provides, in turn, that "no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). If Ms. Ruiz's codefendants, who have entered into plea agreements, testify at trial, the government will be required to turn over any statements or reports pertaining to their testimony after they have testified on direct examination at trial.

Ms. Ruiz alleges that custodial statements by her codefendants may contain *Brady, Giglio, Agurs* and/or *Bagley* information. Under *Brady*, the prosecution has an affirmative duty to disclose exculpatory evidence that clearly supports a claim of innocence, even without request. *Scott v. Mullin*, 303 F.3d 1222, 1228 n.2 (10th Cir. 2002) (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)). However, if a statement does not contain any expressly exculpatory material, the government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the government to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning. *United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir. 1988); *Unite States v. Bagley*, 473 U.S. 667, 675 (1985).

Under *Giglio v. United States*, 405 U.S. 150, 154 (1972), the government must give the defense evidence regarding the credibility of government witnesses. Thus, if either or both co-

defendants testify at trial on behalf of the government, the government must comply with its *Giglio* obligation. However, pursuant to Rule 26.2(a), the government is not obligated to turn over any statements of the co-defendants unless and until they testify at trial.

The government, to date, has complied with its disclosure obligations under the standing discovery order, Rule 17 and 18 U.S.C. § 3500(a). Accordingly, Ms. Ruiz's Motion to Compel [Doc. 47] is hereby denied.

ENTERED this 12th day of December, 2017.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Kari Converse  
FEDERAL PUBLIC DEFENDER  
*Attorney for Ms. Ruiz.*

Elaine Ramirez  
ASSISTANT UNITED STATES ATTORNEY  
*United States Attorney*