IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LORENZO CHAVEZ,
SARA RUIZ, and
JAMES MONTANO, JR.,

    Defendants.

Crim. No. 16-2934 MV

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Sara Ruiz's Motion to Dismiss Count 3 for Failure to State an Offense or, in the Alternative, to Cure Duplicitous Count. [Doc. 49]. Ms. Ruiz argues that Count 3—use of a firearm in connection with conspiracy to commit a Hobbs Act robbery—should be dismissed because (1) the predicate offense, Hobbs Act robbery, is not a "crime of violence" under § 924(c)(3)(A) and, (2) the residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (*Johnson II*).[1]

The Court, having considered the motion, the parties' arguments, the Indictment, and the relevant law, and otherwise being fully advised, concludes that Hobbs Act Robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Accordingly, Ms. Ruiz's Motion to Dismiss is denied.

### **I. Background**

The charges in this case arise from the December 27, 2015, armed robbery of a cashier at the Route 66 Casino Xpress in Albuquerque. Defendant Lorenzo Chavez is alleged to have

---

[1] Ms. Ruiz also argued, in the alternative, that Counts 1 and 3 are duplicative because both alleged conspiracy to commit an offense against the United States. [Doc. 49 at 20-21]. Subsequently, the government filed a Superseding Indictment in which it removed the conspiracy allegation from Count 3 [Doc. 60], and the parties agree this argument is now moot.

committed the robbery and brandished a firearm, Defendant James Montano, Jr., is alleged to have accompanied him into the casino and acted as a lookout, and Ms. Ruiz is alleged to have remained outside as the getaway driver.

Ms. Ruiz, along with the co-defendants, was charged with Count 1, Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); Count 2, Hobbs Act Robbery in violation of 18 U.S.C. §1951(a) and aiding and abetting in violation of 18 U.S.C. § 2; and Count 3, brandishing a firearm in furtherance of these crimes in violation of 18 U.S.C. § 924(c) and aiding and abetting in violation of 18 U.S.C. §2.

Mr. Chavez and Mr. Montano have entered guilty pleas in the case. [Docs.75, 77]. Ms. Ruiz's trial is set for January 22, 2018.

## II. Discussion

Ms. Ruiz argues that Count 3 fails to state an offense because Hobbs Act robbery, as proscribed by 18 U.S.C. § 1951(a), is not a crime of violence under § 924(c)(3)(A) because it can be accomplished by placing one in fear of future injury to his person or property, and does not require the intentional or threatened use of violent physical force. Additionally, she contends that Hobbs Act robbery is not a crime of violence under the "residual clause" within § 924(c)(3)(B) because the clause is unconstitutionally vague under *Johnson II*.

The government asserts the Tenth Circuit has rejected the argument that Hobbs Act robbery is not a predicate "crime of violence" under § 924(c)(3)(A), the so-called "force clause." Further, although the government contends Hobbs Act robbery is also a crime of violence under § 924(c)(3)(B) (the "residual clause"), it argues that the Court need not reach the issue of whether, after *Johnson II*, the residual clause is void for vagueness.

2

## A. Hobbs Act Robbery is a Crime of Violence under 18 U.S.C. § 924(c)(3)(A)

The Hobbs Act provides in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisonment not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951 (a), (b)(1).

Section 924(c) states, in pertinent part:

(1)(A) any person who, during and in relation *to any crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

A "crime of violence" is a felony offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the

3

person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause," and Section 924(c)(3)(B) is referred to as the "residual clause."

"Whether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law," and "[t]he answer requires examination of the legal elements of the crime, not an exploration of the underlying facts." *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)).

In determining whether a particular offense constitutes a crime of violence, courts employ the "categorical approach." *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). Under this approach, "a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016) (internal quotation remarks omitted). Here, the categorical approach requires a comparison of the elements of Hobbs Act robbery to the requirements of a "crime of violence" in § 924(c)(3).

Citing *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), Ms. Ruiz argues that Count 3—brandishing a firearm in furtherance of these crimes in violation of 18 U.S.C. § 924(c)—categorically fails to constitute a crime of violence under § 924(c)(3)(A), inasmuch as it can be accomplished by placing one in fear of future injury to his person or property, which does not require either a threat of violent physical force or the intentional threat of the same. In *Torres-Michael*, the Fourth Circuit considered whether a California Penal Code § 422(a) felony conviction for "willfully threaten[ing] to commit a crime which will result in death or great bodily injury to another person" categorically constituted a prior "crime of violence" supporting

4

a sentencing enhancement under USSG § 2L1.2(b)(1)(A)(ii), which included in its crime-of-violence definition "any other offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 166-68. The Fourth Circuit held that it did not.

In support of its finding, the Fourth Circuit cited *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005). In *Perez-Vargas*, the Tenth Circuit addressed whether Colorado's third-degree assault statute, which defined the crime as occurring when the defendant "knowingly or recklessly causes bodily injury to another person or with criminal negligence . . . causes bodily injury to another person by means of a deadly weapon," unambiguously required the use or threatened use of physical force for the purpose of applying a 16-level sentencing increase. The Court held that it did not, because although the Colorado statute required bodily injury, "imposing that injury does not necessarily include the use or threatened use of 'physical force' as required by the Guidelines." *Id.* at 1285-86. The Court in *Perez-Vargas* pointed out that "while it is likely most third degree assaults will involve the use of physical force, thus qualifying the crime as a violent one under the Guidelines, the language of the statute allows for other possibilities," and it listed several examples of third degree assault that would not use or threaten the use of force, including recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car—thereby causing an accident—and intentionally exposing someone to hazardous chemicals. *Id.*

Similarly, in *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1195 (10th Cir. 2008), the Tenth Circuit held that a defendant's prior conviction for Colorado's assault two (drugging a victim) was not a "crime of violence" because, while one *could* use physical force to drug someone, drugging by surreptitious means would not involve the use of physical force.

5

The government asserts, however, that Ms. Ruiz's reliance on *Perez-Vargas, Rodriguez* and *Torres-Miguel* is foreclosed by the Supreme Court's holding in *United States v. Castleman*, 134 S. Ct. 1405 (2014).

In *Castleman*, the Supreme Court considered whether a defendant's prior conviction for "intentionally or knowingly caus[ing] bodily injury to" the mother of his child qualified as a "misdemeanor crime of domestic violence" because it did not have, as an element, a requirement for the use of physical force. *Id.* at 1409. The district court held that the Tennessee statute did not so qualify because one could cause bodily injury without violent contact, for example, by deceiving the victim to drink poison. *Id.* Applying a different reasoning, a divided panel of the Sixth Circuit affirmed. 695 F.3d 582 (6th Cir. 2012). The appellate panel, citing *Johnson v. United States*, 599 U.S. 133 (2010) ("*Johnson I*")—which held that 18 U.S.C. § 924(e)(2)(B)(i) requires "violent force"—concluded that Mr. Castleman's conviction did not qualify as a "misdemeanor crime of domestic violence" because he could have been convicted for "caus[ing] a slight, nonserious physical injury with conduct that cannot be described as violent." 695 F.3d at 590.

The Supreme Court, in reversing the lower courts' decisions, stated:

> [A]s we explained in *Johnson [I]*, "physical force" is simply "force exerted by and through concrete bodies," as opposed to "intellectual force or emotional force. 559 U.S. at 138, 130 S. Ct. 1265. And the common-law concept of "force" encompasses even indirect application. "Force" in this sense "describe[es] one of the elements of the common-law crime of battery," *id.*, at 139, 130 S. Ct. 1265, and "[t]he force used in battery "need not be applied directly to the body of the victim." 2 W. LaFave, Substantive Criminal Law § 16.2(b) (2d ed. 2003). "[A] battery may be committed by administering a poison or by infecting with a disease, or even by resort to some intangible substance," such as a laser beam. *Ibid.* (footnote omitted) (citing *State v. Monroe*, 121 N.C. 677, 28 S.E. 547 (1897) (poison); *State v. Lankford*, 29 Del. 594, 102 A. 63 (1917) (disease); *Adams v. Commonwealth*, 33 Va.App. 463, 534 S.E.2d 347 (2000) (laser beam)). It is impossible to cause bodily injury without applying force in the common-law sense.

6

> Second, the knowing or intentional application of force is a "use" of force. Castleman is correct that under *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), the word "use" conveys the idea that the thing used (here, 'physical force') has been made the user's instrument." Brief for Respondent 37. But he errs in arguing that although "[p]oison may have 'forceful physical properties' as a matter of organic chemistry, . . . no one would say that a poisoner 'employs' force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink," *ibid.* The "use of force" in Castleman's example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That harm occurs indirectly, rather than directly (as with a kick or punch) does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim. *Leocal* held that the "use" of force must entail "a higher degree of intent than negligent or merely accidental conduct," 543 U.S., at 9, 125 S.Ct. 377; it did not hold that the word "use" somehow alters the meaning of "force."

*Id.* at 1414-15.

Subsequently, a number of judges in the District Court of New Mexico have concluded that *Castleman*, although construing 18 U.S.C. § 922(g)(9) (felon in possession), applies equally to § 924(c)(3), because its holding pertains to what it means to "use" physical force. *See United States v. Castillo*, No. CR 15-0205 JH, 2016 WL 10267677, at *6-*7 (D. N.M , May 2, 2016); *United States v. Melgar-Cabrera*, 9-CR-2962, Doc. 390, August 24, 2015; *United States v. Francia*, 2017 WL 2266852 at **5-6 (D. N.M. Feb. 28, 2017).

Additionally, the Tenth Circuit, in *United States v. Moreno*, 665 Fed. Appx. 678, 680-81 (10th Cir. 2016) (unpublished), denied a certificate of appealability to a defendant who claimed that his conviction for Hobbs Act robbery was not a predicate offense under § 924(c)(3)(A), agreeing with the lower court that the defendant's argument "contradict[ed] the plain language of § 1951 and § 924," and determining that reasonable jurists would not find that conclusion debatable.

Most recently, in *United States v. Ontiveros*, --- F.3d --- (Nov. 7, 2017), the Tenth Circuit

expressly held that "*Perez-Vargas* and *Rodriguez-Enriquez* relied on reasoning that is no longer viable in light of *Castleman*." *Id.* at *3. The Court pointed out that "[a]lmost every circuit that has looked at this issue has determined that *Castleman*'s logic is applicable to the 'physical force' requirement as used in a felony crime of violence." *Id.* (citing *United States v. Hill*, 832 F.3d 135, 143 (2d Cir. 2016) (applying *Castleman* to 18 U.S.C. § 924(c)(3)(A)); *United States v. Chapman*, 866 F.3d 129, 133 (3d Cir. 2017) (applying *Castleman* to USSG § 4B1.2); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017) (applying *Castleman* to U.S.C. § 924(e)(1); *United States v. Jennings*, 860 F.3d 450, 458-60 (7th Cir. 2017) (same); *United States v. Rice*, 813 F.3d 704, 705-05 (8th Cir. 2016) (applying *Castleman* to USSG § 4B1.2), *cert. denied*, -- U.S. --, 137 S. Ct. 59 (2016); *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (implicitly applying reasoning of *Castleman* 29 18 U.S.C. § 16(a)), *cert. denied sub nom. Hernandez v. Sessions*, --U.S.--, 137 S. Ct. 2180 (2017); *United States v. Haldemann*, 665 Fed. Appx. 820, 822 (11th Cir. 2016) (unpublished) (applying *Castleman* to USSG § 4B1.2).[2]

Accordingly, the Court rejects Ms. Ruiz's argument that Hobbs Act robbery is not a crime of violence under § 924(c)(3).

**B. The Court Need Not Consider Whether the "Residual Clause" Within § 924(c)(3)(B) is Unconstitutionally Vague Under *Johnson II***

Ms. Ruiz also contends that in light of *Johnson II*, the "residual clause" within § 924(c)(3)(B) is unconstitutionally vague. In *Johnson II*, the Supreme Court held that the residual clause of the Armed Career Criminal Act—18 U.S.C. § 924(e)(2)(B)—violates the

---

[2] Only the Fifth Circuit, in *United States v. Rico-Mejia*, 859 F.3d 318, 322-23 (5th Cir. 2017), has ruled to the contrary, rejecting the government's argument that *Castleman*'s logic concerning direct and indirect application of force extends to felony crimes of violence. The court noted that the First Circuit has yet to rule on the issue, and it observed that in *United States v. Glover*, the Sixth Circuit addressed whether simple battery constitutes physical force in the misdemeanor crime of violence context, and while the *amount* of physical force needed for a misdemeanor crime of violence may be less than that needed in the violent felony context, the *nature* of the physical force applies in both contexts. 681 Fed. Appx. 432, 434 (6th Cir. 2017), *cert. denied*, No. 17-5537, --U.S. --, -- S. Ct. --, 2017 WL 3480464 (U.S. Oct. 2, 2017).

8

Constitution's guarantee of due process. 135 S. Ct. 2551 (2015). Subsequently, the Tenth Circuit, in *Golicov v. Lynch*, 837 F.3d 1065, 1072 (10th Cir. 2016), held that the definition of a "crime of violence" in the residual clause of 18 U.S.C. § 16 is void for vagueness in light of *Johnson II*. However, the Court held open the question of whether § 924(c)(3)(B)—which has language identical to the definition of "crime of violence" in § 16—is also void for vagueness.[3]

Having determined that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), the Court, in the interest of judicial economy, declines to address Ms. Ruiz's argument that § 924(c)(3)(B) is void for vagueness.

### III. Conclusion

For the reasons set forth above, Ms. Ruiz's Motion to Dismiss Count 3 for Failure to State an Offense or, in the Alternative, to Cure Duplicitous Count [Doc. 49], is DENIED.

ENTERED this 12th day of December, 2017.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE


Kari Converse                             Elaine Ramirez
FEDERAL PUBLIC DEFENDER                   ASSISTANT UNITED STATES ATTORNEY

*Attorney for Ms. Ruiz*                   *Attorney for the United States*

---

[3] The Tenth Circuit noted that both the Sixth and Second Circuits have rejected constitutional vagueness challenges to the statutory definition of "crime of violence" set forth in 18 U.S.C. § 924(c)(3)(B). *Id.* at 1071 n. 1 (citing *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016) and *United States v. Hill*, 832 F.3d 135, 145-51 (2nd Cir. 2016)). Since *Golicov*, the Eighth Circuit has also upheld § 924(c)(3)(B) against a *Johnson II* challenge.